IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


TIMOTHY RAY PERRY,
    Petitioner,

vs.                                  Case No. 3:04cv337/RV/EMT

JAMES V. CROSBY, JR.,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 6). Respondent filed a motion to dismiss the petition as untimely (Doc. 12). Petitioner was given an opportunity to respond to the motion (*see* Doc. 14), but declined to do so. This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court for Escambia County, Florida, with robbery with a firearm, conspiracy to commit robbery with a firearm, aggravated battery on a person over 65 years with a firearm, and possession of a firearm by a convicted felon (*see* Doc. 13, Ex. B at 2-3). On September 19, 1996, Petitioner was found guilty by a jury of the robbery and conspiracy counts, and the lesser included offense of aggravated battery (*id*. at 34-35). On October 23, 1996, Petitioner pleaded guilty to the possession of a firearm count (*id*. at 59-61). He was sentenced as a habitual offender to fifty (50) years imprisonment on the robbery count and thirty (30) years imprisonment

on the conspiracy and battery counts, all sentences to run concurrently (*id.* at 55-58, 87-94). Additionally, he was sentenced to sixty (60) months imprisonment on the possession of a firearm count, to run concurrently with the other sentences (*id.* at 63, 87-94). Petitioner appealed his convictions and sentences to the Florida First District Court of Appeals ("First DCA"). On December 11, 1997, the First DCA affirmed the convictions and sentences per curiam without opinion, with the mandate issuing December 30, 1997 (*id.*, Exs. G, H). Perry v. State, 704 So.2d 524 (Fla. 1st DCA 1997) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court (Doc. 1 at 2).

On September 20, 2001, Petitioner filed a petition to invoke the all writs jurisdiction of the Florida Supreme Court (*see* Doc. 12 at 6).[1] The petition was denied as procedurally barred on June 12, 2002 (*see* Doc. 13, Ex. I). Perry v. State, 821 So.2d 299 (Fla. 2002) (Table).

On June 23, 2004, Petitioner filed a motion to correct illegal sentence, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Doc. 13, Ex. J at 1-4). The state trial court denied the motion in part and granted it in part on August 31, 2004 (*id.* at 5-7). The court granted the motion to the extent that the clerk of court was directed to amend Petitioner's judgment and sentence to comport with the jury's verdict of "guilty of aggravated battery, a lesser included offense" on the aggravated battery count (*id.* at 7). In all other respects, the motion was denied. Petitioner appealed the denial to the Florida First DCA, and the appellate court affirmed per curiam without opinion on January 7, 2005 (Doc. 13, Ex. O). Perry v. State, 892 So.2d 479 (Fla. 1st DCA 2005) (Table).

On July 19, 2004, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 13, Ex. L at 1-6). The trial court dismissed the motion as time barred on August 31, 2004 (*id.* at 7-8). Petitioner appealed the denial to the Florida First DCA, and the appellate court affirmed per curiam without opinion on December 10, 2004 (see Doc. 13, Ex. M). Perry v. State, 889 So.2d 76 (Fla. 1st DCA 2004) (Table).

---

[1] The online docket of the Florida Supreme Court indicates that the petition was filed on September 20, 2001. *See* http://jweb.flcourts.org, Perry v. State, Case No. SC01-2112.

Case No.: 3:04cv337/RV/EMT

Petitioner filed the instant habeas action on September 22, 2004 (Doc. 1 at 1). He challenges his conviction on the following grounds:

> Ground One: The trial court did not submit to the jury the issue of whether Petitioner personally used or carried a firearm, and whether there existed a common scheme to prove the conspiracy charge.
>
> Ground Two: The issue of Petitioner's status as a habitual offender should have been submitted to the jury for determination beyond a reasonable doubt, rather than determined by the trial court by a preponderance of the evidence.
>
> Ground Three: Petitioner's convictions for possession of a firearm by a convicted felon, robbery with a firearm, and conspiracy to commit robbery with a firearm violated the Double Jeopardy Clause.

(*see* Doc. 6 at 4-5) (rephrased).

II. TIMELINESS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that a government-created impediment to his filing existed, that he bases any of his claims on a right newly recognized by the Supreme Court, or

that the facts supporting his claims could not have been discovered through the exercise of due diligence before the filing of this petition. Thus, the statute of limitations must be measured from the remaining statutory trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

It is now well established that when a Florida defendant directly appeals his conviction but does not seek certiorari review of the decision affirming the conviction, the one-year limitations period for filing a federal habeas petition begins to run ninety (90) days after issuance of the appellate court's decision.[2] Nix v. Secretary for the Dep't of Corrections, 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770 (11th Cir. 2002)); Jackson v. Secretary for the Dep't of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord* Clay v. United States, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003); Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003). In the instant case, the First DCA issued its decision affirming Petitioner's conviction on December 11, 1997. Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court. Thus, Petitioner's one-year limitations period began to run on March 12, 1998, upon expiration of the 90-day period for seeking certiorari review.

This court must next address whether the limitations period was tolled pursuant to statutory or equitable tolling principles.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows Petitioner filed a postconviction petition with the Florida Supreme Court on September 20, 2001, and postconviction motions with the trial court on June 23, 2004, and July 19, 2004. However, these postconviction applications did not toll the filing period because the filing period had already expired on March 12, 1999, one year after his conviction became final. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991,

---

[2] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion. *See* Sup. Ct. R. 13.3.

Case No.: 3:04cv337/RV/EMT

121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("Under 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").  Therefore, Petitioner is not entitled to statutory tolling of the limitations period.

Furthermore, Petitioner asserts no grounds for equitable tolling of the limitations period.  Moreover, he does not assert he is actually innocent of the crimes for which he was convicted.  Therefore, this Court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's Motion to Dismiss (Doc. 12) be **GRANTED**.

2. That the amended petition for writ of habeas corpus (Doc. 6) be **DISMISSED** with prejudice as untimely.

At Pensacola this 21st day of March, 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**